IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CV415-014 |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | JURY TRIAL DEMANDED |
| COASTAL MOTOR SALES, INC., a Delaware corporation, d/b/a Savannah Toyota, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Taylor Williams, who was adversely affected by such practices. Plaintiff alleges that Ms. Williams was unlawfully subjected to a tangible employment action by Defendant (termination) for refusing to engage in sex with her boss.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Georgia and in the City of Savannah and has continuously had at least 15 employees.

5. Defendant is subject to service through its registered agent for service of process, Stephen P. Roberts, 11101 Abercorn Street, Savannah, Georgia 31419.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

7. During Ms. Williams' employment at Savannah Toyota, Defendant was her employer for all purposes of Title VII.

8. Prior to filing this lawsuit, Plaintiff attempted to resolve the claim through conciliation which was unsuccessful.

## STATEMENT OF CLAIM

9.  More than thirty days prior to the institution of this lawsuit, Ms. Williams filed a timely charge of discrimination with the Commission alleging violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least October 2013, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting Ms. Williams to sex discrimination by conditioning her continued employment on submission to sexual requests by her boss.

11. Ms. Williams began working for Defendant in 2013 and stopped working for Defendant when terminated on November 14, 2013.

12. Through much of the term of her employment Smith was subjected to unwelcome sexual comments by her boss, Mr. Eric Williams.

13. On November 13, 2013, Mr. Williams directly asked Ms. Williams to have sex with him. Ms. Williams refused to have sex with Mr. Williams.

14. As a result of her refusal to have sex with Mr. Williams, Ms. Williams was terminated from employment.

15. During her employment, Ms. Williams performed common duties performed by sales associates employed by Defendant. Ms. Williams wore Defendant's trademarked apparel, worked at a desk assigned to her by Defendant in Defendant's facility, called customers of Defendant, identified herself as representing Defendant, dealt with insurance binders on behalf of Defendant, used Defendant's confidential customer database, booked appointments for

customers of Defendants, sent birthday and greeting cards to customers of Defendant, and performed duties commonly performed by sales associates at Defendant's facility.

16. Termination of her employment was a significant change in the terms and conditions of Ms. Williams' employment.

17. Defendant's actions were in violation of Title VII because "the employee's refusal to submit to a supervisor's sexual demands result[ed] in a tangible employment action being taken against her." Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1245 (11th Cir. 2004).

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against employees and engaging in any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Williams by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Ms. Williams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Ms. Williams by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay to Ms. Williams punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Dated: January 21, 2015

s/ Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:	(404) 562-6818
Facsimile:	(404) 562-6905

s/ James W. Allen
James W. Allen
Trial Attorney
Georgia Bar No. 016075
james.allen@eeoc.gov
U.S. Equal Employment Opportunity Commission
Savannah Local Office
7391 Hodgson Memorial Drive, Suite 200
Savannah, Georgia  31406
Telephone:	(912) 920-4486
Facsimile:	(912) 652-4248